## Hazlewood, et al. v. Commonwealth.

(Decided December 13, 1910.)

### Appeal from Boyle Circuit Court.

1. Disorderly House—Indictment—Punishment.—In an indictment for keeping a disorderly house, the offense being a common nuisance, the common law punishment is a fine in any amount or

imprisonment in the county jail for any length of time, or both such fine and imprisonment, in the discretion of the jury.

2. Same—Sub-Lessees—Joint and Separate Liability.—Where in an indictment against the owner of the house and three other persons for keeping a disorderly house, where the evidence shows that L. was in charge of the house part of the time and J. T. H. and C. H. the balance of the time, L. was not responsible for the keeping of the house by his sub-lessees after they took possession thereof, nor can J. T. H. and C. H. be punished for the maintaining of the nuisance by L. before they leased it, though Moore, the owner of the house, would be responsible for the keeping of the house during the whole time, if done with his consent or knowledge.

3. Indictment—Improper Joinder of Offenses—Remedy.—When an indictment shows on its face an improper joinder of offenses, the defect may be exposed by demurrer, and the court upon sustaining the demurrer will require the commonwealth to elect to prosecute the defendant for one of the offenses and dismiss as to the others. (Cr. Code, section 165.) But when the misjoinder is not apparent from the language of the indictment and it can not be reached by demurrer, but will be developed by the proof, and when thus disclosed, the trial court may still require the commonwealth's attorney to make an election and permit the trial to proceed as to the offense for which the commonwealth's attorney elects to prosecute the defendant, dismissing the indictment as to the others.

4. Same—Variance—Election—Re-reference.—While we agree with appellant's counsel that there was a variance between the allegations of the indictment and the commonwealth's proof, we do not agree with them that such variance authorized the peremptory instruction asked for appellants. It did, however, necessitate an election by the commonwealth as indicated, and upon return of the case such election should be made or the case re-referred to the grand jury for further action consistent with this opinion.

HARDING & RAWLINGS and HAZLEWOOD & JOHNSON for appellants.

JAMES BREATHITT, Attorney General, and THEO. B. BLAKEY, Asst. Attorney General, for Commonwealth.

Opinion of the Court by Judge Settle—Reversing.

The appellants, J. E. Hazlewood, Clarence Hazlewood, Tom Longo and J. J. Moore, together with A. Longo, were jointly indicted by the grand jury of Boyle county for keeping a disorderly house. The offense being a common nuisance, the common law punishment is a fine

in any amount or imprisonment in the county jail any length of time, or both such fine and imprisonment, in the discretion of the jury.

Upon the trial, A. Longo was acquitted by the jury in obedience to a peremptory instruction from the circuit court, but the appellants were all convicted; the verdict of the jury and judgment of the court fixing the punishment of Clarence Hazlewood and J. J. Moore at a fine of $250, each, that of Tom Longo at a fine of $1,000 and confinement in the county jail for one year, and that of J. J. Hazlewood at a fine of $1,000, and confinement in the county jail two years. They were refused a new trial, hence this appeal.

The facts presented by the record show that the appellant, J. J. Moore, owns a store house and lot with certain outbuildings, situated on the Lebanon pike in a suburb of the city of Danville, which he, by a writing of date January 1st, 1910, leased, at the price of $12.50 per month, to Tom Longo for a year to be used for conducting in the store house and upon the premises a grocery, confectionary and the sale of soft drinks. Moore found that the store house required repairing and this work prevented Longo from taking possession of it until January 15th, at which time he moved in and began business which was continued by him until about February 15th, when he sold his stock and business to the appellants, J. F. Hazlewood and Clarence Hazlewood, and subleased to them the store house and premises. They conducted the same business therein down to and including April 24th, on which date the indictment was returned. J. J. Moore, the owner of the property, knew of and consented to the subleasing of the same to the Hazlewoods.

Much of the evidence introduced by the Commonwealth conduce to prove that the place in question, as kept both by Tom Longo and the Hazlewoods, was a disorderly and disreputable house, caused by the disorderly and indecent conduct of disreputable persons, white and black, of both sexes, who were permitted both day and night to assemble there, some of them in an intoxicated condition; that quarrelling was engaged in as on one occasion a fight occurred in the store, and at another time negroes were seen shooting craps in an outbuilding on the premises; also that wagons were permitted to stand, many at a time, on the pike in front of and near the store, thereby blockading the highway and obstructing travel; that evil odors, such as arise from whisky and

other intoxicants and were offensive to persons passing on the highway, emanated from the store; and that the misconduct, noises and odors mentioned annoyed and disturbed the good citizens of the community and other persons compelled to pass the store in travelling the highway.

Although the appellants by their own testimony and that of some others in their behalf undertook to disprove or explain the facts furnished by the proof of the Commonwealth, it can not be said that they succeeded in satisfactorily doing so. The evidence of the Commonwealth in some sort also tended to prove that the appellant Moore knew the disreputable character of the premises as kept by Longo and the Hazlewoods, because he saw in part what was going on there, and was warned by others of some of it.

It was contended by appellants on the motion for a new trial, and is now insisted by them, that all of the Commonwealth's evidence was incompetent, and for that reason a peremptory instruction directing their acquittal should have been granted as requested by them at the conclusion of the Commonwealth's evidence and again at the conclusion of all the evidence.

This contention rests upon the theory that the indictment charged more than one offense, and that evidence that a disorderly house was kept on the premises in question by the appellant Longo while he was in possession thereof under his lease from Moore was not competent as against the appellants, J. F. and Clarence Hazlewood, nor was evidence as to the keeping by them of a disorderly house after they took charge of the property, competent as against Longo.

It is manifest that the indictment embraces more than one offense, though it does not so appear on its face. The appellant Longo did not know of and is not responsible for the keeping of a disorderly house by his sublessees after they took possession of the property, nor can they be punished for the maintaining of such a nuisance by Longo, before they leased it from him, though Moore, the owner, would be responsible for the keeping of a disorderly house by his tenant or subtenants, if done with his consent or knowledge. When an indictment shows on its face an improper joinder of offenses, the defect may be exposed by demurrer, and the court, upon sustaining the demurrer, will require the Commonwealth to elect to prosecute the defendant for one

of the offenses and dismiss as to the other. Criminal Code, section 165. But where, as in this case, the misjoinder of offenses is not apparent from the language of the indictment, it can not be reached by demurrer, but will be developed by the proof, and when thus disclosed, the trial court may still require the Commonwealth's attorney to make an election and permit the trial to proceed as to the offense for which the Commonwealth's attorney elects to prosecute the defendant, dismissing the indictment as to the other. If, as shown by the evidence, Longo kept a disorderly house from January 15th to February 15th, that was one offense, and if, as further shown by the evidence, the Hazlewoods kept a disorderly house on the same premises from February 15th until April 27th, that was another and separate offense. "Several different acts, constituting as many different offenses, can not be joined in a single indictment, otherwise than in separate counts. It is the proper function of an indictment to allege a single offense and the particular acts which constitute it." * * * Yost v. Commonwealth, 5 Ky. Law Rep., 934.

The indictment in the case at bar does not allege the appellant Moore's ownership of the premises where the nuisance was maintained, or indicate the owner; it merely alleges that all the appellants, in an undefined joint capacity, kept the disorderly house in the manner specified, upon the premises, described. The proof clearly showed that for a part of the time the nuisance was maintained the appellant Tom Longo was the lessee and in sole control of the premises in question, and for the remainder of the time the appellants J. F. and Clarence Hazlewood were the lessees, and alone in control thereof. These being the facts, the evidence introduced to show the existence of the nuisance while the store house was in the possession of Longo, was not competent as against the Hazlewoods, nor was the evidence showing their maintenance of the nuisance after they leased and took the property, competent as to Longo. Yet the jury were authorized, by the instructions given by the court, to find all or any of the appellants guilty upon proof that a disorderly house was kept on the Moore premises by any of them within the time covered by the indictment. When during the trial appellants in making their objection to the evidence, through counsel, called the court's attention to the misjoinder of offenses in the

indictment, it should have required the Commonwealth to elect which of the offenses it would prosecute, and after such election dismissed the indictment as to the other offense. If desired by the Commonwealth's attorney, the case as to that offense might have again been referred to the grand jury for another indictment.

What we have said as to the proof showing more than one offense in the acts alleged in the indictment, also applies to the appellant Moore. If he at the time of leasing the store house to Longo knew he would make of it a disorderly house, or after it became such while it was in Longo's possession he consented to or acquiesced in such use of it, he would be equally guilty with Longo of the offense of maintaining a nuisance. And if after the Hazlewoods leased the property from Longo, they made of it a disorderly house and that fact was known to and acquiesced in by Moore, he would be equally guilty with the Hazlewoods, but of a separate offense from that committed in connection with Longo.

While we agree with appellants' counsel, that there was a variance between the allegations of the indictment and the Commonwealth's proof, we do not agree with them, that such variance authorized the peremptory instruction asked for appellants. It did, however, necessitate an election by the Commonwealth, as already indicated, and upon return of the case such election should be made, or the case re-referred to the grand jury, for further action.

For the reasons indicated the judgment is reversed as to all the appellants, and the case remanded for a new trial and such other proceedings as may be consistent with this opinion.